UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRENCE R. VANCE,<br><br>Defendant. | Case No. 09-cr-40070-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Terrence R. Vance's pro se motion to reduce sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). (Doc. 178). The Government responded. (Doc. 200). Vance did not reply.

## I. Background

In March 2010, Vance pled guilty to two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 32). At the defendant's sentencing in September 2010, the Court found that Vance was a career offender based on one prior conviction for a crime of violence (stealing from a person) and one prior conviction for a drug crime (distribution of a controlled substance). *See* U.S.S.G. § 4B1.1.[1] His career offender offense level was determined to be 37 because of the statutory maximum sentence of life under 21 U.S.C. §§ 841(b)(1)(B) and 851. The Court sentenced Vance to serve 262 months in prison. (Docs. 44,

---

[1] Unless otherwise noted, all references to the U.S.S.G. are to the 2009 version.

45). Vance appealed, and the Court of Appeals affirmed the Court's decision, *United States v. Vance*, 659 F.3d 613 (7th Cir. 2011), but the Supreme Court vacated the judgment and remanded for resentencing in light of *Dorsey v. United States*, 567 U.S. 260 (2012) (finding the Fair Sentencing Act of 2010 applied to a defendant *sentenced* after enactment even if the offense of conviction occurred before enactment). *Vance v. United States*, 567 U.S. 949 (2012).

On remand, the Court held a new sentencing proceeding in November 2012. (Docs. 79, 81, 92). The Court again found Vance to be a career offender based on the same prior convictions, but after *Dorsey* his career offender offense level was only 34 because, under the Fair Sentencing Act, his statutory maximum sentence was only 30 years under 21 U.S.C. §§ 841(b)(1)(C) and 851. (Docs. 68, 92). The Court sentenced him to serve 200 months in prison. (Doc. 92). Vance again appealed, and in August 2013, the Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. *United States v. Vance,* 527 Fed. App'x 568 (7th Cir. 2013). Vance did not seek a writ of *certiorari* from the Supreme Court.

In July 2014, Vance filed his first motion pursuant to 28 U.S.C. § 2255, collaterally attacking his conviction and/or sentence. *See generally Vance v. United States*, SDIL Docket No. 14-CV-790-JPG. In January 2015, the District Court rejected Vance's arguments and denied his section 2255 motion. *Id.* On August 13, 2015, the defendant filed a purported motion for relief from judgment under Rule 60(b). *Id.* On August 17, 2015, the District Court dismissed that motion for lack of jurisdiction. *Id.*

In September 2015, Vance filed with the United States Court of Appeals for the Seventh Circuit an application for permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244, which was granted by the Seventh Circuit. *Terrence R. Vance v. United States*, SDIL Docket No. 15-CV-1150-JPG, Doc. 1.; *Terrence R. Vance v. United States*, Nos. 15-2951 &

15-2980 (7th Cir. Court's Order of September 29, 2015). In October 2016, Vance filed an Amended Second § 2255 Petition, which the Court denied in March 2017. *Terrence R. Vance v. United States*, SDIL Docket No. 15-CV-1150-JPG, Docs. 4, 16, 17.

In May 2021, Vance filed a motion for compassionate release, which was denied. (Docs. 114, 118). Thereafter, Vance was released from prison. However, in August 2023, his supervised release was revoked, and he was sentenced to 8 months' imprisonment to be followed by 48 months' supervised release. (Docs. 132, 137). Vance was again released from prison, but on February 12, 2026, his supervised release was revoked for a second time. He was sentenced to 24 months' imprisonment to be followed by 12 months' supervised release. (Doc. 163, 168). He filed an appeal, which was dismissed on September 9, 2026. (Docs. 172 & 198).

On February 18, 2026, while his appeal was pending, Vance filed this instant motion for reduction of sentence. (Doc. 178). The Court stayed briefing while his appeal was pending because the appeal could have an impact on the relief Vance seeks in the motion. (Docs. 195, 197). Following dismissal of his appeal, the Court issued a briefing schedule. (Doc. 199). The Government filed a response. (Doc. 200). Vance did not reply.

## II. Analysis

In this motion, Vance asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses, (2) that were committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c).

Importantly, the First Step Act expressly bars a defendant from taking a second bite at the apple: "No court shall entertain a motion made under this section to reduce a sentence *if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010* (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits." First Step Act § 404(c) (emphasis added); *see United States v. Dixon*, No. 22-3281, 2023 WL 4556909, at *2 (7th Cir. July 17, 2023) (noting that "nothing in

---

Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the Act allows the repeated use of this vehicle to secure a sentence reduction"); *United States v. Garrett*, No. 11-CR-40004- JPG, 2019 WL 1377021, at *1 (S.D. Ill. Mar. 27, 2019) (noting that the First Step Act prohibits the Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the Fair Sentencing Act).

As stated above, this Court resentenced Vance in November 2012 and applied the provisions in the Fair Sentencing Act. Thus, Vance has already received the benefit of the Fair Sentencing Act's reduced penalties for crack-cocaine offenses, and section 404(c) bars him from seeking any further relief under section 404(b). *See Dixon*, 2023 WL 4556909, at *2; *Garrett*, 2019 WL 1377021, at *1; *United States v. Mote*, 836 F. App'x 103, 104–05 (3rd Cir. 2020). Vance argues that section 404(c) does not apply because he has not previously filed another section 404(b) motion. This argument is frivolous. Section 404(c) explicitly bars a court from entertaining a section 404(b) motion not only when another motion under that section has already been denied on its merits but also when "*the sentence was previously . . . reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010* (Public Law 111–220; 124 Stat. 2372)." First Step Act § 404(c) (emphasis added).

Vance further claims that his resentencing on December 20, 2012, pursuant to *Dorsey* "did not address, and could not anticipate, § 404(b) of the First Step Act or later changes to guidelines and sentencing law." (Doc. 178, ¶ 3). But in *Dorsey*, the Supreme Court held that the Fair Sentencing Act applied to a defendant who committed a covered offense before its effective date but was sentenced after it. *See Dorsey*, 567 U.S. at 264. The First Step Act then gave full retroactive effect to the Fair Sentencing Act by extending its application to defendants who had been sentenced before its enactment. *See Concepcion v. United States*, 597 U.S. 481, 484 (2022) (noting that the "First Step Act's central goal" was "to make retroactive the changes in the Fair Sentencing

Act"); *United States v. Sutton*, 962 F.3d 979, 982 (7th Cir. 2020). Because Vance was resentenced under *Dorsey*, he has received the full benefit of the First Sentencing Act and, under section 404(c), he cannot take a second bite at the apple.

Accordingly, the Court must dismiss Vance's motion for a sentence reduction based on the First Step Act's retroactive application of the Fair Sentencing Act.

**III. Conclusion**

For these reasons, the Court **DENIES** the defendant's motion for reduction of sentence (Doc. 178).

**IT IS SO ORDERED.**
**DATED: October 28, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**